**In re Petition for DISCIPLINARY ACTION AGAINST Steven Ford SORONOW, an Attorney at Law of the State of Minnesota.**

No. C6–01–972.

Supreme Court of Minnesota.

Sept. 18, 2002.

## ORDER

Following a referee hearing on a petition for disciplinary action and supplementary petitions for disciplinary action filed by the Director of the Office of Lawyers Professional Responsibility against respondent Steven Ford Soronow, the referee found that respondent had failed to cooperate with the Director's investigation, failed to adequately communicate with clients, neglected client matters, failed to return client files and unearned fees, failed to pay a law-related debt, and committed a crime involving dishonesty in violation of Minn. R. Prof. Conduct 1.3, 1.4(a), 1.16(d), 8.1(a)(3), 8.4(b), (c) and (d) and Rule 25, Rules on Lawyers Professional Responsibility (RLPR).

After the referee issued his decision, the Director filed a third supplementary petition for disciplinary action in which the Director alleged that respondent had failed to cooperate with the Director's investigation of additional complaints and had engaged in additional misconduct involving neglect, failure to communicate with clients, and failure to return client files and unearned retainers in violation of Minn. R. Prof. Conduct 1.3, 1.4(a), 1.16(d), 8.1(a)(3) and Rule 25, RLPR.

The parties have entered into a stipulation in which they waive oral argument and stipulate that the referee's findings of fact and conclusions of law are conclusive on the petition for disciplinary action, supplementary petition for disciplinary action and second supplementary petition for disciplinary action. Respondent also waives his right to answer the third supplementary petition for disciplinary action and admits the allegations contained therein. The parties jointly recommend that:

a. Respondent be indefinitely suspended from the practice of law for at least six months,

b. Respondent be allowed to apply for reinstatement after 120 days, with the understanding that respondent may not be reinstated until after the minimum period of suspension of six months,

c. The reinstatement procedures of Rule 18(a)–(e), RLPR, not be waived,

d. As part of the required reinstatement hearing, respondent be required to establish through expert psychological or psychiatric evidence that he has undergone treatment such that he is psychologically fit to resume the practice of law, and

e. Respondent comply with the requirements of Rule 26, RLPR, and pay $900 in costs pursuant to Rule 24, RLPR.

This court has independently reviewed the file and approves the jointly recommended disposition.

IT IS HEREBY ORDERED that respondent Steven F. Soronow is indefinitely suspended from the practice of law for a minimum of six months subject to the agreed-upon terms and conditions set forth above. Respondent shall pay $900 in costs under Rule 24, RLPR.

BY THE COURT:
PAUL H. ANDERSON
Associate Justice.